Justice Thomas,
dissenting.
I join Justice Ginsbueg’s dissent in full. I write separately to reiterate my view that “‘the Constitution does not constrain the size of punitive damages awards.’” State Farm Mut. Automobile Ins. Co. v. Campbell, 538 U. S. 408, 429-430 (2003) (Thomas, J., dissenting) (quoting Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U. S. 424, 443 (2001) (Thomas, J., concurring)). It matters not that the Court styles today’s holding as “procedural” because the “procedural” rule is simply a confusing implementation of the substantive due process regime this Court has created for punitive damages. See Pacific Mut. Life Ins. Co. v. Has-lip, 499 U. S. 1, 26-27 (1991) (Scalia, J., concurring in judgment) (“In 1868 . . . punitive damages were undoubtedly an established part of the American common law of torts. It is ... clear that no particular procedures were deemed necessary to circumscribe a jury’s discretion regarding the award of such damages, or their amount”). Today’s opinion proves once again that this Court’s punitive damages jurisprudence is “insusceptible of principled application.” BMW of North *362 America, Inc. v. Gore, 517 U. S. 559, 599 (1996) (Scalia, J., joined by Thomas, J., dissenting).